Smiley v State of New York (2020 NY Slip Op 06635)





Smiley v State of New York


2020 NY Slip Op 06635


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


837 CA 20-00552

[*1]ROBERT SMILEY, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 116640.) (APPEAL NO. 2.) 






STANLEY LAW OFFICES, LLP, SYRACUSE (ANTHONY R. MARTOCCIA OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered December 18, 2019. The judgment awarded claimant money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part apportioning liability equally between the parties and apportioning 100% liability to defendant and as modified the judgment is affirmed without costs, and the matter is remitted to the Court of Claims for further proceedings in accordance with the following memorandum: Claimant commenced this action seeking damages for injuries he sustained when he slipped and fell on a wet floor in the lobby of a building owned by defendant. At the liability portion of a bifurcated nonjury trial, the evidence established that, shortly before claimant's fall, a maintenance worker employed by defendant mopped the floor. Although the maintenance worker set up one wet floor sign, that sign was located on the opposite end of the lobby from where claimant approached the lobby from the elevator. Claimant walked with a group of other people in the direction of the sign. There were people in front of him, behind him, and to the side of him. There were mats running the length of the lobby, but claimant did not walk on those mats because the group of people in his vicinity were walking three to five people abreast. Claimant fell approximately 20 to 25 feet before reaching the door near where the wet floor sign was located. After he fell, claimant noticed that his pants were damp and the floor was wet. A security guard who witnessed the incident and approached claimant testified that there was no standing water in the area where claimant fell, but that the area was wet.
Following the trial on liability, the Court of Claims (Midey, J.) apportioned liability equally between the parties, finding that claimant failed to use reasonable care by walking briskly, looking toward the front door instead of the floor, and failing to walk on the available mats. Following a trial on damages, the court (Fitzpatrick, J.) entered a judgment awarding damages to claimant in accordance with the court's apportionment of liability.
We agree with claimant that any apportionment of liability to him is not based on a fair interpretation of the evidence. " 'On appeal from a judgment entered after a nonjury trial, this Court has the power to set aside the trial court's findings if they are contrary to the weight of the evidence and to render the judgment we deem warranted by the facts,' although '[w]e must give due deference . . . to the court's evaluation of the credibility of the witnesses and quality of the proof . . . and review the record in the light most favorable to sustain the judgment' " (Ramulic v State of New York, 179 AD3d 1494, 1495 [4th Dept 2020]).
Here, there are no material credibility issues presented. Claimant does not dispute that he was walking briskly, was looking forward, did not see the mats, and did not walk on the mats. [*2]Inasmuch as the court "did not resolve issues of credibility, no deference is owed on th[at] issue to the trier of fact" (Bernard v State of New York, 34 AD3d 1065, 1067 [3d Dept 2006]). The only issue before us is whether the undisputed facts support the court's determination that claimant was comparatively negligent.
"Culpable conduct claimed in diminution of damages . . . [is] an affirmative defense to be pleaded and proved by the party asserting the defense" (CPLR 1412). As a result, defendant "bore the burden of proving that claimant acted negligently" (Jones v State of New York, 62 AD3d 1078, 1079 [3d Dept 2009]). Based on our independent review of the evidence (see id. at 1079-1080), we conclude that defendant failed to demonstrate that claimant acted negligently.
It is well settled that people are "bound to see what by the proper use of [their] senses [they] might have seen" and act accordingly (Weigand v United Traction Co., 221 NY 39, 42 [1917]). Here, however, the evidence at trial established that the wet condition of the floor was not open and obvious (see Jones, 62 AD3d at 1081; cf. Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1319 [4th Dept 2012]) and that the sign warning of a wet floor was not readily observable to claimant as he exited the elevator and proceeded, in a group, toward the front door (see e.g. Spannagel v State of New York, 298 AD2d 687, 688 [3d Dept 2002]; Thornhill v Toys "R" Us NYTEX, 183 AD2d 1071, 1072-1073 [3d Dept 1992]; see also De Conno v Golub Corp., 255 AD2d 734, 735 [3d Dept 1998]). As a result, there was nothing that would have alerted claimant to any danger in walking briskly, looking forward, and walking on the bare floor instead of the available mats.
We thus conclude that the court's determination that claimant failed to use reasonable care under the circumstances is not supported by a fair interpretation of the evidence and, as a result, the court (Midey, J.) erred in its apportionment of 50% liability to claimant, who should bear no responsibility for his injuries. Indeed, we cannot conclude that claimant was comparatively negligent for walking briskly or looking forward while he walked toward the exit. We therefore modify the judgment accordingly, and we remit the matter to the Court of Claims to direct the entry of judgment in favor of claimant in accordance with the apportionment of 100% liability to defendant.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court